1 | Jeffrey A. Milman, SBN 99072
LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
2 | 450 Newport Center Drive, Second Floor
Newport Beach, CA  92660
3 | Tel: (949) 640-8222
Fax:(949) 640-8294
4 | Email:  jmilman@lopez-hodes.com

5 | Jeanne Anne Steffin, SBN 49437
LAW OFFICES OF JEANNE ANNE STEFFIN
6 | 626 North Garfield Avenue, Suite A
Alhambra, CA 91801-1448
7 | Tel: (626) 235-1173
Fax: (888) 536-7833
8 | Email: jsteffin@steffin.com

9 | Attorneys for Plaintiff,
DANIEL PAUL JOHNSON

10 | GEORGE S. CARDONA
United States Attorney
11 | LEON W. WEIDMAN
Assistant United States Attorney
12 | Chief, Civil Division
DAVID PINCHAS C.S.B. # 130751
13 | Assistant United States Attorney
  Room 7516 Federal Building
14 |   300 North Los Angeles Street
  Los Angeles, California 90012
15 |   Telephone:  (213) 894-2920
  Fax Number: (213) 894-7819
16 |   Email: david.pinchas@usdoj.gov

17 | Attorneys for Defendant
UNITED STATES OF AMERICA

18 |

19 |                UNITED STATES DISTRICT COURT

20 |     FOR THE CENTRAL DISTRICT OF CALIFORNIA

21 |                    WESTERN DIVISION

22 |

DANIEL PAUL JOHNSON,          )     NO. CV 06-4794 PSG (Ex)
23 |                               )
                               )
24 |          Plaintiff,          )     STIPULATION FOR COMPROMISE
               v.                )     SETTLEMENT AND RELEASE OF
25 | UNITED STATES OF AMERICA,     )     FEDERAL TORT CLAIMS ACT CLAIMS
                               )     PURSUANT TO 28 U.S.C. § 2677;
26 |          Defendant.          )     [PROPOSED] ORDER THEREON
_____)
27 |

28 |

FILED
CLERK, U.S. DISTRICT COURT

AUG - 3 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

Priority
Send        ✓
Enter
Closed
JS-5/JS-6   ✓
JS-2/JS-3
Scan Only

LODGED
CLERK, U.S. DISTRICT COURT
JUL 31 2007
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

DOCKETED ON CM

AUG - 6 2007

BY              009

32

1    IT IS HEREBY STIPULATED by and between plaintiff Daniel Paul

2 Johnson ("Plaintiff"), and defendant United States of America

3 ("Defendant"), by and through their respective attorneys, as

4 follows:

5    1.   The parties do hereby agree to settle and compromise each

6 and every claim of any kind, whether known or unknown, arising

7 directly or indirectly from the acts or omissions that gave rise to

8 the above-captioned action under the terms and conditions set forth

9 in this Stipulation for Compromise Settlement and Release (the

10 "Settlement Agreement").

11    2.   The United States of America agrees to pay the sum of

12 $150,000, (the "Settlement Amount") which sum shall be in full

13 settlement and satisfaction of any and all claims, demands, rights,

14 and causes of action of whatsoever kind and nature, arising from,

15 and by reason of any and all known and unknown, foreseen and

16 unforeseen bodily and personal injuries, damage to property and the

17 consequences thereof, resulting, and to result, from the subject

18 matter of this settlement, for which Plaintiff, his guardians,

19 heirs, executors, administrators, or assigns, and each of them, now

20 have or may hereafter acquire against the Defendant, its agents,

21 servants, and employees.

22    3.   Plaintiff, his guardians, heirs, executors, administrators

23 or assigns hereby agree to accept the Settlement Amount in full

24 settlement and satisfaction of any and all claims, demands, rights,

25 and causes of action of whatsoever kind and nature, arising from,

26 and by reason of any and all known and unknown, foreseen and

27 unforeseen bodily and personal injuries, damage to property and the

28 consequences thereof which he may have or hereafter acquire against

2

1  the Defendant, its agents, servants, and employees on account of the

2  same subject matter that gave rise to the above-captioned action,

3  including any future claim or lawsuit of any kind or type

4  whatsoever, whether known or unknown, and whether for compensatory

5  or exemplary damages.  Plaintiff, his guardians, heirs, executors,

6  administrators, or assigns further agree to reimburse, indemnify,

7  and hold harmless the Defendant, its servants, agents and employees

8  from and against any and all such causes of action, claims, liens,

9  rights, or subrogated or contribution interests incident to or

10  resulting from further litigation or the prosecution of claims by

11  Plaintiff, his guardians, heirs, executors administrators, or

12  assigns against any third party or against the Defendant, including

13  claims for wrongful death.

14     4.   This Settlement Agreement is not, is in no way intended to

15  be, and should not be construed as, an admission of liability or

16  fault on the part of the Defendant, and it is specifically denied

17  that it is liable to Plaintiff.  This settlement is entered into by

18  all parties for the purpose of compromising disputed claims under

19  the Federal Tort Claims Act and avoiding the expenses and risks of

20  future litigation.

21     5.   It is also agreed, by and among the parties, that the

22  respective parties will each bear their own costs, fees, and

23  expenses and that any attorney's fees owed by Plaintiff will be paid

24  out of the Settlement Amount and not in addition thereto. It is

25  further understood by and among the parties that pursuant to Title

26  28, United States Code, Section 2678, attorney's fees for services

27  rendered in connection with this action shall not exceed 25 percent

28  of the amount of the compromise settlement.

3

6.    The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

7.    Payment of the Settlement Amount by the United States will be made by check drawn on the Treasury of the United States payable to Plaintiff Daniel Paul Johnson and Lopez, Hodes, Restaino, Milman & Skikos.  Upon receipt of the check for $150,000, Plaintiff shall provide counsel for Defendant with a notarized receipt and satisfaction of judgment, signed by Plaintiff and his attorneys, on a form provided by the United States Attorney's Office.

8.    In consideration for payment of the sums stated above, Plaintiff hereby dismisses this action, with prejudice and with each party bearing his and its own fees, costs, and expenses.

9.  Plaintiff has been fully advised and understands that the injuries sustained in the incidents giving rise to this lawsuit are of such nature that the full type and extent of such injuries are not known as of the date Plaintiff signs this Settlement Agreement, and it is further understood that said injuries, whether known or unknown as to the date Plaintiff signs this Settlement Agreement, might possibly become progressively worse as a result of which Plaintiff may sustain further damages.  Nevertheless, Plaintiff in signing this Settlement Agreement, fully releases and discharges the United States, its agents, servants, and employees forever. Plaintiff further understands that each and every term of this Settlement Agreement is contractual and not merely a recital.

10.  Notwithstanding anything to the contrary herein, Plaintiff specifically agrees, as additional consideration for this Settlement Agreement, to waive the provisions of Section 1542 of the Civil Code

4

1 of the State of California, and Plaintiff understands that said

2 section provides:

3

A general release does not extend to claims which the creditor
4 does not know or suspect to exist in his or her favor at the time
of executing the release, which if known by him or her must have
5 materially affected his or her settlement with the debtor.

6 11. It is contemplated that this Settlement Agreement may be

7 executed in several counterparts, with a separate signature page for

8 each party. All such counterparts and signature pages, together,

9 shall be deemed to be one document.

10 12. This written agreement contains all of the agreements

11 between the parties, and is intended to be and is the final and sole

12 agreement between the parties. The parties agree that any other

13 prior or contemporaneous representations or understandings not

14 explicitly contained in this written agreement, whether written or

15 oral, are of no further legal or equitable force or

16 effect. Any subsequent modifications to this agreement must be in

writing, and must be signed and executed by the parties.

17 DATED: 7-25- , 2007

18

19

20 DANIEL PAUL JOHNSON
Plaintiff

21

22 DATED: 7/30 , 2007 LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS

23

24

25 JEFFREY A. MILMAN
Attorneys for Plaintiff

26

27

28 5

1  DATED:    7-31    , 2007

2                                GEORGE S. CARDONA
                                 United States Attorney
3                                LEON W. WEIDMAN
                                 Assistant United States Attorney
4                                Chief, Civil Division

5                                _____
                                 DAVID PINCHAS
6                                Assistant United States Attorney
                                 Attorneys for Defendant

7                                **ORDER**

8

9      The foregoing Stipulation for Compromise Settlement and Release of

10  Federal Tort Claims Act Claims is hereby approved, and IT IS HEREBY

    ORDERED:

11
       1.   Plaintiffs' Complaint and action in case No.
12
            CV 06-4704 PSG (Ex) are dismissed in their entirety and
13
            with prejudice;
14
       3.   The parties shall each bear their own attorney's fees and
15
            costs of suit.
16
    DATED:  6/3/07
17
                                 _____
18                               UNITED STATES DISTRICT JUDGE

                                 **PHILIP S. GUTIERREZ**
19

20

21

22

23

24

25

26

27

28                                      6